# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSHUA C. KECK,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-342**          (Cir. Ct. Cabell Cnty. Case No. CC-06-2024-C-361)

**JOHN B. MCCUSKEY, in his Official**
**Capacity as ATTORNEY GENERAL OF**
**THE STATE OF WEST VIRGINIA,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joshua C. Keck appeals the Circuit Court of Cabell County's July 21, 2025, order granting a Rule 12(b)(6) motion to dismiss filed by Respondent John B. McCuskey, in his Official Capacity as Attorney General of the State of West Virginia (the "Attorney General"). The Attorney General filed a response.[1] Mr. Keck did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On October 4, 2024, Mr. Keck filed this declaratory judgment action against the Attorney General challenging the constitutionality of Article VI, Section 57 of the West Virginia Constitution ("Section 57"), the "no constitutional right to abortion" amendment ratified in 2018. Section 57 provides in full: "Nothing in this Constitution secures or protects a right to abortion or requires the funding of abortion."

Mr. Keck alleged that Section 57 is void and unenforceable because it impermissibly bundles two separable propositions—(1) that the state constitution does not secure or

---

[1] Mr. Keck is self-represented. The Attorney General is represented by Michael R. Williams, Esq., Solicitor General, Caleb A. Seckman, Esq., Assistant Solicitor General, and Mattie F. Shuler, Esq., Assistant Solicitor General.

1

protect a right to abortion, and (2) that the constitution does not require the funding of abortion—into a single amendment in violation of Article XIV, Section 2 ("Section 2").[2]

In lieu of an answer, the Attorney General moved to dismiss the complaint under Rule 12(b)(6), asserting that the two clauses of Section 57 fall under a single subject—abortion, or, alternatively, that they concern related subject matters, and therefore comply with Section 2. The parties briefed the motion, and the circuit court heard argument on April 24, 2025. By order entered July 21, 2025, the circuit court concluded that Section 2 is "clear in its terms"; that the two clauses of Section 57 "both relate to a single subject matter: abortion"; and that the relationship between denying a constitutional right and denying public funding to exercise that right is "direct," analogizing it to the constitutional right to counsel in criminal cases and the provision of state-funded counsel for indigent defendants. The circuit court therefore held Section 57 valid, granted the motion to dismiss, and dismissed the action with prejudice. This appeal of the circuit court's July 21, 2025, order followed.

Our review of the circuit court's order granting the Attorney General's Rule 12(b)(6) motion in this declaratory judgment action is de novo. *See* Syl. Pt. 3, *Cox v. Amick*, 195 W. Va. 608, 466 S.E.2d 459 (1995) ("A circuit court's entry of a declaratory judgment is reviewed *de novo*."); Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). Constitutional interpretation likewise mandates de novo review. *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 214, 470 S.E.2d 162, 168 (1996).

On appeal, Mr. Keck raises two assignments of error. First, he asserts that the circuit court erred in concluding that Section 2 is "clear in its terms" and, on that basis, declining to interpret its operative language. He argues that, although much of Section 2 is straightforward, its single-subject clause contains a syntactically ambiguous modifying phrase that requires judicial interpretation. We disagree.

"As in every case involving the application or interpretation of a constitutional provision, analysis must begin with the language of the constitutional provision itself." *Randolph Cnty. Bd. of Educ. v. Adams*, 196 W. Va. 9, 15, 467 S.E.2d 150, 156 (1995) (citing *State ex rel. Mountaineer Park, Inc. v. Polan*, 190 W. Va. 276, 283, 438 S.E.2d 308, 315 (1993)). We are further guided by the principle that "[w]here a provision of a constitution is clear in its terms and of plain interpretation to any ordinary and reasonable mind, it should be applied and not construed." Syl. Pt. 1, *Jarrett Printing Co. v. Riley*, 188

---

[2] Section 2 outlines the procedural requirements for proposing and ratifying a constitutional amendment.

2

W. Va. 393, 424 S.E.2d 738 (1992) (quoting Syl. Pt. 3, *State ex rel. Smith v. Gore*, 150 W. Va. 71, 143 S.E.2d 791 (1965)).

Section 2 provides, in relevant part:

[I]f two or more amendments be submitted at the same time, the vote on the ratification or rejection shall be taken on each separately, but an amendment may relate to a single subject or to related subject matters and may amend or modify as many articles and as many sections of the constitution as may be necessary and appropriate in order to accomplish the objectives of the amendment.

W. Va. Const. art. XIV, § 2.

Upon review, we agree with the circuit court that Section 2 is clear in its terms. Mr. Keck argues that this Court should apply the canons of statutory construction to find an ambiguity in the language of Section 2. However, we find Section 2 to be unambiguous and thus determine that rules of statutory construction do not apply. *See* Syl. Pt. 1, in part, *Dunlap v. State Comp. Dir.*, 149 W. Va. 266, 140 S.E.2d 448 (1965) ("Where the language of a statute is plain and unambiguous, there is no basis for application of rules of statutory construction[.]"); *State v. Whindleton*, No. 19-0333, 2020 WL 2735448, at *6 (W. Va. May 26, 2020) (memorandum decision) (declining to apply rules of statutory construction to an unambiguous plea agreement). The relevant question is not whether an alternative grammatical reading is theoretically possible, but whether the language has a clear meaning that ordinary and reasonable readers would understand. Here it does—Section 2 allows each amendment to address a single subject or multiple related subjects without violating the separate vote requirement. Accordingly, we must apply, not interpret, Section 2. *See State ex rel. Discover Fin. Servs., Inc. v. Nibert*, 231 W. Va. 227, 243, 744 S.E.2d 625, 641 (2013).

In his second assignment of error, Mr. Keck argues that the circuit court erred in holding that Section 57 complies with Section 2. He contends that Section 57 impermissibly combines two distinct and separable amendments into a single question, one addressing whether the constitution protects a right to abortion, and the other addressing whether it requires the funding of abortion, thereby depriving voters of their constitutional right under Section 2 to vote separately on each. We disagree. Section 57 succinctly provides: "Nothing in this Constitution secures or protects a right to abortion or requires the funding of abortion." W. Va. Const. art. VI, § 57. The circuit court determined that both clauses relate to a single subject—abortion, reasoning that the right to abortion and the funding of abortion are not remote, tenuous, or peripheral to each other, but directly related. We concur with the circuit court's conclusion. Upon review, the provisions of Section 57 are logically and naturally connected, share a common purpose, and would be understood

by an ordinary and reasonable reader as addressing one general subject. Both clauses speak to abortion, constitutional rights, and the scope of constitutional protection; they are not separate policy domains but rather, two aspects of the same subject. Because Section 57 relates to the single subject of abortion, and because no other Section 2 requirements are at issue, we find no error in the circuit court's conclusion that Section 57 is a valid constitutional amendment under Section 2 or in its dismissal of the action pursuant to Rule 12(b)(6).[3]

For the foregoing reasons, we affirm the circuit court's July 21, 2025, order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[3] Moreover, even if we accepted Petitioner's contention that Section 57 does not relate to a single subject matter, it would not change the outcome of this appeal. Petitioner conceded below that "the right to abortion and taxpayer funding of abortion are related subject matters." Under the plain reading of Section 2 discussed above, even if we assumed that Section 57 addresses two related subject matters rather than a single subject matter, it would still satisfy the requirements of Section 2 and be a valid constitutional amendment.

4